**HOLIDAY CVS, L.L.C., Doing Business as CVS/Pharmacy No. 5195 and CVS/Pharmacy No. 219, Petitioner–Appellant**

v.

**Eric H. HOLDER, Jr., Attorney General of the United States, et al., Respondents–Appellees.**

**Nos. 12–1128, 12–5072.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 26, 2012.

Jeffrey S. Bucholtz, Esquire, Paul Alessio Mezzina, King & Spalding, LLP, John A. Gilbert, Jr., James Philip Ellison, Hyman, Phelps & McNamara, PC, Washington, DC, Coleen Patricia Schoch, Catherine M. O'Neil, Esquire, King & Spalding LLP, Atlanta, GA, for Petitioner–Appellant.

U.S. Department of Justice, Washington, DC, for Respondents–Appellees.

Before: HENDERSON and TATEL, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

The appeal and petition for review were considered on the record from the United States District Court for the District of Columbia and from the United States Drug Enforcement Administration (DEA) and on the briefs and the oral arguments of the parties. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition be dismissed as moot, that the appeal from the district court's decision be dismissed as moot, that the district court's order filed March 13, 2012, be vacated and that the case be remanded to the district court with instructions to dismiss the Petitioner–Appellant's motion for a preliminary injunction.

Holiday CVS, L.L.C. (CVS) appeals the district court order denying its motion to enjoin preliminarily the DEA Administrator from enforcing Immediate Suspension Orders (ISOs) entered against two of its pharmacies located in Sanford, Florida

(collectively the Pharmacies). Unsure whether jurisdiction to review the ISOs lay in the district court under 28 U.S.C. § 1331 or in the court of appeals under 21 U.S.C. § 877, CVS also petitioned this Court for review of the ISOs. The Controlled Substances Act of 1970, 21 U.S.C. §§ 801 *et seq.,* authorizes the Attorney General to institute an administrative proceeding to deny, revoke or suspend a drug registration if he finds at least one of five factors. 21 U.S.C. § 824(a). Moreover, "[t]he Attorney General may, in his discretion, suspend any registration simultaneously with the institution of proceedings under [section 824(a)], in cases where he finds that there is an imminent danger to the public health or safety." *Id.* § 824(d).*

After investigating the Pharmacies' oxycodone dispensing practices, in February 2012 the Administrator initiated proceedings under section 824(a) to revoke their registrations. The Administrator also issued ISOs immediately suspending their registrations. CVS sought a preliminary injunction, which the district court denied. *Holiday CVS, L.L.C. v. Holder,* 839 F.Supp.2d 145 (D.D.C.2012). CVS timely appealed.

Section 824(d) provides that an ISO remains in effect until the conclusion of section 824(a) proceedings, "including judicial review thereof." 21 U.S.C. § 824(d). On June 8, 2012, a DEA administrative law judge recommended the revocation of the Pharmacies' registrations. Holiday CVS, L.L.C., d/b/a CVS/Pharmacy Nos. 219 & 5195, *attached to* Notice, 77 Fed.Reg. 62,-316, 62,346 (Dep't of Justice Oct. 12, 2012) (Decision and Order). CVS filed exceptions and on August 31, 2012, the Administrator rejected the exceptions and revoked the Pharmacies' registrations. *Id.* at 62,324. The Administrator published the Decision and Order in the Federal Register on October 12, 2012, and it became effective on November 13, 2012. *Id.*

CVS received notice of the Administrator's decision on September 11, 2012. CVS had until October 11, 2012, to petition this Court for review of the Administrator's decision, *see* 21 U.S.C. § 877, but failed to do so. Accordingly, the section 824(a) proceedings have concluded and the ISOs are no longer in effect. *Id.* § 824(d). "A case becomes moot when intervening events make it impossible to grant the prevailing party effective relief." *Lemon v. Geren,* 514 F.3d 1312, 1315 (D.C.Cir. 2008) (quotation marks omitted). The Decision and Order, effective November 13, 2012, renders the ISOs moot and thus leaves this Court unable to grant relief regarding the ISOs. *See* Order, *Novelty Distribs., Inc. v. Leonhart,* No. 08–5190, 2008 WL 4561646 (D.C.Cir. Sept.10, 2008) (per curiam) (dismissing challenge to ISO as moot after distributor's registration revoked). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983) (per curiam). We therefore dismiss the appeal and the petition for lack of jurisdiction. *Pharmachemie B.V. v. Barr Labs., Inc.,* 276 F.3d 627, 629 (D.C.Cir.2002).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

---

* The Attorney General's authority under the Controlled Substances Act is delegated to the DEA Administrator. *See* 21 U.S.C. § 871(a); 28 C.F.R. § 0.100(b).